**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **MARK DAWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:26-cv-158-CWB** |
| | ) | |
| **AMERICAN ECONOMY** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

**I.      Procedural History**

Mark Dawson filed this action in the Circuit Court of Montgomery County, Alabama to assert claims arising out of an allegedly wrongful denial of homeowner's insurance benefits. (*See* Doc. 1-2 at p. 7).  Named as defendants were Safeco Insurance Company of America and American Economy Insurance Company.  (*See id*.).  Those defendants thereafter removed the proceedings to federal court on the basis of diversity jurisdiction.  (*See* Doc. 1).  Dawson in turn stipulated to the dismissal of Safeco Insurance Company of America (*see* Docs. 7 & 10) and moved to have proceedings remanded to state court on grounds that the amount in controversy fails to exceed the $75,000.00 threshold for establishing diversity jurisdiction.  (*See* Doc. 10). After apparently having discussed the issue among themselves, the parties now jointly contend that a remand would be appropriate.  (*See* Doc. 14).  The court agrees.

**II.     Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000)

1

("[L]ower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction … ."). Due to the inherent limitation on authority, it is incumbent upon a court to assure itself "at the earliest possible stage in the proceedings" that it possesses jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

With specific respect to actions filed initially in state court, removal to federal court is authorized only in circumstances where a district court would have had "original jurisdiction" over the action. *See* 28 U.S.C. § 1441. *See also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Generally speaking, federal courts lack original jurisdiction unless at least one of two sources of subject matter jurisdiction is present: a federal question arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, or a complete diversity of citizenship among the parties coupled with an amount in controversy exceeding $75,000.00, *see* 28 U.S.C. § 1332(a). And it falls upon the removing party to establish that jurisdiction exists. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal."); *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

Because removal infringes upon state sovereignty and implicates central concepts of federalism, any jurisdictional doubts should be resolved in favor of remand. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). Stated differently, a plaintiff's right to choose the forum and a defendant's right to remove "are not on equal footing." *Id.*

2

### III.   Discussion

#### A.   Federal Question Jurisdiction

The Notice of Removal (Doc. 1) contains no assertion that removal was predicated upon federal question jurisdiction.  Nor has the court's independent review of the record uncovered any issue that reasonably could be construed as "arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.  It thus is clear that jurisdiction rises or falls on application of 28 U.S.C. § 1332(a).

#### B.   Diversity Jurisdiction

There is no dispute that a complete diversity of citizenship exists between the parties. (*See* Docs. 2, 3, & 13).  But the defendants—at least initially—challenged the sufficiency of the amount in controversy to trigger federal subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a) (constraining diversity jurisdiction to cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"); *see also Parker v. Williams Plant Servs., LLC*, No. 1:16-cv-239, 2016 WL 3892454, *3 (M.D. Ala. June 29, 2016) ("Removal jurisdiction requires both complete diversity and satisfaction of the requisite amount in controversy.  A case does not become removable until both conditions are present.").

The Complaint expressly stated that Dawson's claims "exceed twenty thousand dollars" but further stated that the amount sought is "less than $74,999.99."  (Doc. 1-2 at p. 9, ¶ 14). In a post-removal affidavit, it was confirmed that Dawson never intended to recover more than $74,999.99 in damages and will not accept more than $74,499.99 in damages.  (*See* Doc. 10-2). Such averments constitute precisely the type of stipulations that consistently have been recognized as requiring remand.  *See Stokes v. Homes*, No. 2:08-cv-806, 2009 WL 413755, *2 (M.D. Ala. Feb. 18, 2009); *Thornton v. Waffle House, Inc.*, No. 2:06-cv-446, 2006 WL 2631350, *2

(M.D. Ala. Sept. 13, 2006); *Lacey v. Dollar Gen. Corp.*, No. 2:05-cv-1041, 2005 WL 3240708, *2

(M.D. Ala. Nov. 30, 2005); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302

(M.D. Ala. 2001); *Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1301-03 (M.D. Ala. 1999).

*See also Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003)

("[W]e give great deference to such representations and presume them to be true.").  The court

therefore finds that the amount in controversy falls short of the minimum necessary to have

rendered removal proper.  *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315

(11th Cir. 2014) ("What counts is the amount in controversy at the time of removal.") (citing

*Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir.2010)).[1]

## IV.    Conclusion

It is hereby **ORDERED** that the pending motion to remand (Doc. 10) is **GRANTED**

such that this action shall be remanded to the Circuit Court of Montgomery County, Alabama.

It is further **ORDERED** that the "Joint Motion for Entry of Agreed Order Regarding Remand"

(Doc. 14) is **DENIED AS MOOT**.

---

[1]  The court notes that this is not a scenario where the amount in controversy was <u>reduced</u> post-removal in an improper attempt to oust jurisdiction that already had attached.  *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007).  It also is noted that courts remanding proceedings under similar circumstances routinely caution counsel that failure on remand to abide by a prior stipulation to not seek or accept damages in excess of $75,000.00 may result in sanctions that "will be painful upon arrival."  *See, e.g., Moss*, 43 F. Supp. 2d at 1304. The court retains the same authority here.  *See Federated*, 329 F.3d at 808 (stating that "lawyers are officers of the court and subject to sanctions under Federal Rule of Civil Procedure 11 for making a representation to the court for an improper purpose").  To be clear, the court has no reason to question the representations or commitments made by Dawson's counsel and finds them consistent with the court's own view of the record.  However, the specter of sanctions should provide a level of comfort to American Economy Insurance Company that the capped damages cannot and will not be exceeded on remand.  *See White v. Regions Bank*, No. 2:25-cv-504, 2025 WL 2648249, *3 (M.D. Ala. Sept. 15, 2025) (reminding counsel that "[t]hese statements and representations are binding no matter what happens in the future").

The clerk of court is **DIRECTED** to take all necessary steps to effectuate a remand consistent with the terms hereof.

**DONE** this the 3rd day of April 2026.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**